UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLA SKELTON,

    Plaintiff,

v.                                                               CASE No. 8:06-CV-1588-T-23TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.

_____

REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, I recommend that it be affirmed.

I.

The plaintiff, who was fifty years old at the time her insured status expired and who has a ninth grade education, has worked as a hospital

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

cleaner, daycare worker, dietary aide, laundry worker, and motel maid (Tr. 295). She filed a claim for Social Security disability benefits, alleging that she became disabled on September 1, 1991, due to a back problem, head injury, sugar, high blood pressure condition, and nerves (Tr. 57). The claim was denied initially and upon reconsideration.

   The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge pointed out that the plaintiff was last insured for Social Security disability benefits on December 31, 1996 (Tr. 13). The law judge found that, as of that date, the plaintiff suffered from severe impairments (Tr. 14). He concluded that the plaintiff's impairments restricted the plaintiff to simple repetitive light work with no repetitive bending, stooping, crouching and kneeling and with the avoidance of dangerous moving machinery and unprotected heights (Tr. 20). Based upon the testimony of a vocational expert, the law judge determined that, despite these restrictions, the plaintiff could return to past work as a motel maid (Tr. 22). The law judge also pointed out that the expert testified that there were other jobs in the national economy, such as small products assembler, produce inspector, and arcade attendant, that the plaintiff could

perform with her limitations (Tr. 21). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A). In this case, also, the plaintiff must show that she became disabled before her insured status expired on December 31, 1996, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c).

When an impairment is severe, a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(e). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in substantial numbers in the national economy.

### III.

The relevant period in this case is from September 1, 1991, when the plaintiff alleges she became disabled, until December 31, 1996, when the plaintiff's insured status expired. Extraordinarily, there are no medical records in the administrative transcript for several years before this period until several years after the period. Thus, the law judge pointed out that,

"[s]ince seeing Dr. [W. Lewis] Yarborough in October 1979, the record is devoid of any medical treatment again until January 2001" (Tr. 20). The absence of medical records during the relevant period obviously cuts strongly against the plaintiff's claim.

        The law judge described the plaintiff's medical problems during the 1970's. During that decade, the plaintiff in 1973 sustained a work injury at a Veterans Administration hospital when a heater fell on her head. That injury was said to have led to a seizure at work during 1976. In February 1977, Dr. Yarborough performed a subtotal hemilaminectomy and removal of protruded discs at L4-5 bilaterally (Tr. 212). In November 1977, Dr. Yarborough stated with respect to the plaintiff's back condition that the plaintiff had reached maximum medical improvement and that she had a twenty percent permanent partial disability due to that condition (Tr. 237). In April 1979, Dr. Yarborough "strongly urged" the plaintiff to seek some type of light duty work (Tr. 232). In fact, Social Security records show that the plaintiff had earnings from 1986 to 1991 (Tr. 49).

        Notwithstanding the lack of any contemporaneous medical evidence to support her claim, the plaintiff raises six arguments in her challenge to the law judge's decision. The plaintiff first contends that the law

judge erred in finding that the plaintiff had past relevant work as a motel maid. This contention is predicated on earning records indicating that the plaintiff worked as a motel maid in 1986 and that she purportedly did not earn enough at that job to have it considered as substantial gainful activity (Doc. 15, pp. 1-4). Since the earnings information was not presented to the law judge, it cannot be considered in determining whether the law judge's decision is supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999).

   While the new information could be the basis for a remand pursuant to sentence six of 42 U.S.C. 405(g), id., the plaintiff has not made a sufficient showing for a remand. Thus, the plaintiff cannot make the necessary showing of good cause for her failure to present the information to the law judge; the 1986 evidence was clearly in existence at the time of the administrative hearing in 2004 and could have been obtained by the plaintiff prior to that hearing. It is, of course, the plaintiff's burden to demonstrate that she cannot return to prior work. Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987).

   In addition, the new evidence is not material such that a reasonable possibility exists that the new evidence would change the

administrative result. Falge v. Apfel, supra, 150 F.3d at 1323. The Commissioner points out, contrary to the plaintiff's argument, that the plaintiff's average monthly earnings in 1986 of $267.78 neither did, nor did not, presumptively establish under the pertinent tables, see 20 C.F.R. 404.1574(b)(2), that the plaintiff's work that year constituted substantial gainful activity. However, the vocational expert identified the job of motel maid as past relevant work (Tr. 295) and the plaintiff in her testimony did not contradict that evidence. Under these circumstances, the law judge could reasonably find that the plaintiff's work as a motel maid was past relevant work.

In addition, even if the job of motel maid was not considered past relevant work, there is not a reasonable possibility that a remand would result in a favorable decision. The law judge expressly pointed out in his decision that the vocational expert testified that someone with the plaintiff's residual functional capacity, age, and education could perform other jobs that exist in the national economy, such as small products assembler, produce inspector, and arcade attendant (Tr. 21). In light of this evidence, the additional information concerning the plaintiff's job as a motel maid would not change the determination that the plaintiff was not disabled during the pertinent

period. Therefore, a remand pursuant to sentence six of §405(g) is not warranted.

The plaintiff's second argument is based upon the fact that Dr. Yarborough in November 1977 assessed the plaintiff with a twenty percent permanent partial disability due to her back condition, and that, as a result, the Office of Personnel Management ("OPM") apparently gave the plaintiff a disability retirement (Doc. 15, pp. 4-5). The plaintiff complains that the law judge did not give great weight to the OPM's disability determination. This contention is meritless.

The law judge expressly noted Dr. Yarborough's disability rating (Tr. 17). Moreover, a twenty percent disability rating does not translate into total disability. Indeed, subsequent to his assessment, Dr. Yarborough "strongly urged" the plaintiff to seek light duty work (Tr. 232).

The plaintiff's third argument challenges the law judge's determination of the plaintiff's residual functional capacity. In this respect, the plaintiff complains that the law judge did not expressly mention that he was contemplating a work schedule of five days a week, eight hours a day, or its equivalent.

Such a work schedule, of course, is the normal understanding, and it was therefore implicit in the hypothetical question to the vocational expert. The plaintiff has not pointed to anything in the record that suggests that either the law judge, or the vocational expert, had anything else in mind. If plaintiff's counsel was uncertain about this, he should have asked the vocational expert for a clarification. The fact that he did not do so indicates that even he thought that what was contemplated was a schedule of forty hours per week.

If the plaintiff is also arguing that the plaintiff could not perform a forty-hour schedule, this argument is properly deemed abandoned because it was not meaningfully developed (see Doc. 14, p. 2). In any event, in light of the absence of any medical records for the 1980's and 1990's, there is no apparent basis for a conclusion that the plaintiff could not work a forty-hour schedule between September 1991 and the end of 1996. Certainly, the twenty percent disability rating does not compel that conclusion. Under the substantial evidence standard, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386

F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005). Here, due to the lack of contemporaneous medical evidence, the record does not even support a conclusion contrary to the law judge's determination of the plaintiff's residual functional capacity.

The plaintiff's fourth contention is that the law judge's hypothetical question to the vocational expert was inaccurate. Essentially, this is another form of challenge to the law judge's finding of the plaintiff's residual functional capacity. The law judge is not required to include in his hypothetical question proposed findings that he has rejected. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

In this contention, the plaintiff asserts that the law judge did not include in his hypothetical question limitations against prolonged standing and sitting mentioned by Dr. Yarborough. The law judge, however, obviously rejected such limitations and it was reasonable for him to do so.

Dr. Yarborough's comments against prolonged standing or sitting were made in April 1977 when the plaintiff was recovering from her back surgery (Tr. 243). At the time he saw the plaintiff in April 1979 and "strongly urged" her to seek light duty work, he expressed no restrictions regarding sitting or standing (Tr. 232).

Furthermore, the plaintiff worked from 1986 to 1991. She indicated on Social Security forms that one of her jobs involved walking and standing (Tr. 58, 70) and another involved mostly sitting (Tr. 69).

Moreover, the absence of any medical evidence from the 1980's and 1990's authorized the law judge to conclude that the plaintiff did not have any functional limitations regarding sitting, standing and walking during the relevant period. Thus, the lack of medical treatment supports the determination, since the law judge could reasonably conclude that, if the plaintiff had significant limitations regarding sitting, standing and walking, she would have sought treatment. The law judge could also consider that no doctor opined that the plaintiff had such limitations during the relevant period.

Under these circumstances, the omission in the hypothetical question of restrictions on sitting, standing and walking was clearly reasonable.

The plaintiff also contends that the hypothetical question was flawed because it did not include severe mental limitations opined by a clinical psychologist, Dr. Michael D. Eastridge, in 2004. As explained later in connection with the plaintiff's final argument, the law judge reasonably discounted Dr. Eastridge's opinions. Consequently, the law judge did not

need to include Dr. Eastridge's opinions regarding mental limitations in the hypothetical question. Notably, the law judge did include a mental limitation in his hypothetical question in that he restricted the plaintiff to simple repetitive jobs (Tr. 20).

The plaintiff's fifth contention is that the law judge failed to specify which impairments were severe and which were not (Doc. 15, pp. 10-11). The law judge described in detail the plaintiff's medical history from the 1970's, as well as medical information from 2001 and after. As indicated, there was no medical history from the 1980's and 1990's. As a result, the law judge had no medical diagnoses from the relevant period before him. Nevertheless, the law judge, seemingly giving the plaintiff the benefit of the doubt, found that the plaintiff had a severe combination of impairments during that time (Tr. 14). He did not, however, specify what those impairments were. Under the unique circumstances of this case, the law judge cannot be faulted for failing to specify the plaintiff's severe and nonsevere impairments. In the absence of timely medical diagnoses, the law judge would simply be speculating about the plaintiff's impairments and their severity.

What is important is that the law judge did not stop at step two of the sequential analysis regarding nonsevere impairments, but proceeded on

to determine the plaintiff's residual functional capacity. That determination, and not the classification of severe and nonsevere impairments, is the critical factor in making a disability finding in a case that proceeds to step four or step five of the sequential analysis, as this case did.

While in some circumstances a law judge's failure to identify severe and nonsevere impairments may impede judicial review, that is not the situation here. As indicated, he discussed in detail the medical evidence that was in the record. Consequently, there was no difficulty in reviewing his decision under the substantial evidence test. Therefore, the law judge's failure to identify the severe and nonsevere impairments does not constitute reversible error, if error at all under the circumstances of this case.

The plaintiff's sixth and final contention is that the law judge failed to give proper weight to Dr. Eastridge's opinions. In March 2004, plaintiff's counsel sent the plaintiff to Dr. Eastridge for a psychological evaluation (Tr. 253). Dr. Eastridge concluded that the plaintiff was disabled due to a combination of an anxiety disorder and a cognitive disorder, nos (Tr. 253-54). He said that these impairments fell under listings 12.06 and 12.02 (Tr. 254), which would render the plaintiff disabled at the third step of the sequential analysis (but he did not set forth specific findings concerning those

listings). Dr. Eastridge also filled out a mental residual functional capacity assessment form in which he indicated the plaintiff had marked limitations in several respects (Tr. 256-57). In addition, Dr. Eastridge checked a line that said, "yes, based upon my examination and testing, I feel Ms. Skelton's restrictions and limitations would have pre-dated December of 1996 and would have continued to the present" (Tr. 255). However, he provided no justification for that opinion.

  The law judge summarized Dr. Eastridge's opinions in his decision (Tr. 18), but he discounted them (Tr. 20). The law judge had ample basis to do so. In the first place, Dr. Eastridge was not a treating source and thus his opinion was not entitled to the weight afforded to such a provider. Also, Dr. Eastridge's evaluation in 2004 was remote in time from the plaintiff's date last insured of December 31, 1996. Moreover, his opinion that the plaintiff's condition in March 2004 related back to December 1996 was conclusory and devoid of any meaningful explanation. In addition, the law judge pointed out "[t]he claimant sought no mental health treatment and apparently takes no medication for such condition" (id.).

  Most significantly, however, Dr. Eastridge's opinion that the plaintiff's mental health status in March 2004 relates back to December 1996

-15-

is contradicted by a psychological evaluation performed in September 2002 (Tr. 122). At that time, the plaintiff was examined by Dr. Edith T. Dalton. As the law judge pointed out, Dr. Dalton reported that the "claimant was well groomed, she denied problems with depression and her attention and concentration were within normal limits" (Tr. 20). Moreover, Dr. Dalton's diagnostic impressions were (Tr. 122):

>   Axis I:    Adjustment disorder with anxiety
>
>   Axis II:   Borderline intellectual functioning, provisional, untested
>
>   . . .
>
>   Axis V:    GAF=65

The GAF (Global Assessment of Functioning) rating of 65 indicates "[s]ome mild symptoms ... OR some difficulty in social, occupational, or school functioning ..., but generally functioning pretty well, has some meaningful interpersonal relationships." <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th ed.), p. 32. This intervening psychological evaluation in 2002, which showed only a mild mental impairment, unquestionably provides ample basis for the law judge to reject Dr. Eastridge's opinion that his 2004 psychological evaluation of the plaintiff relates back to December 1996.

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and contains no reversible error. I, therefore, recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: AUGUST 13, 2007

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).